Argued October 10, 1968, affirmed in part; reversed in part January 15, 1969

IN THE MATTER OF THE ESTATE OF
FANNIE EMMA MALARKEY, DECEASED.

WALL, *Appellant, v.* MALARKEY ET AL, *Respondents.*

449 P. 2d 424

*John R. Faust, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Cake, Jaureguy, Hardy, Buttler & McEwen and Thomas & Leahy, Portland.

*Moe M. Tonkon,* Portland, argued the cause for respondents. With him on the brief were David M. Munro, Tonkon & Galen, David S. Pattullo, Patricia A. Lisbakken, and Pattullo, Gleason & Hinson, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL and MENGLER, Justices.

O'CONNELL, J.

This is an appeal from a decree denying plaintiff, Mary Malarkey Wall, compensation claimed for services as a co-executor of the estate of Fannie Emma Malarkey and also denying any amount for the services of an attorney employed by her in connection with matters relating to the estate.

Plaintiff and defendants, all children of the decedent, were named as executors in decedent's will. Plaintiff refused to join with defendants in a petition

for the appointment of the three of them as co-executors, it being her opinion that the will offered for probate did not represent her mother's dispositive purpose but that such purpose was expressed in a previous will and codicil. She sought the advice of an attorney of her own choice as to the validity of the will. She was advised not to contest the will, whereupon she petitioned for appointment as co-executor and she was duly appointed. During the course of the administration her attorney continued to advise her with respect to the various matters relating to the estate. The defendants employed another law firm to represent the estate.

In denying plaintiff her executor's commission the probate court expressly found that "[t]hroughout the administration of the Estate the activities of MARY MALARKEY WALL and her attorneys have not benefited the estate but, on the contrary, have impeded the orderly administration thereof. Their activities may have given aid and comfort to the contestants of decedent's will."

The mere fact that plaintiff entertained doubts with respect to the validity of the will which was in probate does not in itself constitute such "disloyalty" as to preclude her from receiving compensation for her services as executrix. Before compensation can properly be denied the executrix's disloyalty must manifest itself in some form of conduct which is detrimental to the administration of the estate in a material way. Annot., 83 ALR 736, 741 (1933). We have been unable to find in the record sufficient evidence of a material detriment to the estate. It is clear that throughout the administration of the estate plaintiff was less than enthusiastic about the disposition that had been made in her mother's will. Her doubts as to

the validity of the will prompted her to seek separate legal advice and this held up the initial steps in getting the administration of the estate under way. But the bases for her doubts were not implausible and considering her interest in the estate it does not appear to us that it was unreasonable for her to take the precaution of consulting counsel on the matter. After she was appointed co-executor she insisted on having her attorney scrutinize the work done by the attorneys for the estate. Although it appears to us that she was overcautious in this respect and that her action impeded the administration of the estate to the extent that it required the attorney for the estate to submit the various matters to her attorney, we do not find any evidence that the delay resulted in any loss.

Two grandchildren of plaintiff and two charities brought a proceeding to contest the will. Each of them had been named as beneficiaries in previous wills executed by decedent. Plaintiff filed an answer in the will contest admitting the paragraph in the complaint alleging that the will in contest was invalid. The contest was finally settled when each of the defendants agreed to pay $45,000 from their bequests.

Defendants also charged plaintiff with aiding the will contestants and the trial court found that the activities of plaintiff and her attorneys "may have given aid and comfort to the contestants of decedent's will." The concession in plaintiff's answer to the complaint in the will contest alleging the invalidity of the will in probate was no more than a reassertion of the view she had previously held, but she also took the position that in spite of her conviction she would administer the estate as if the will were valid. And this she did. The charge that she gave aid and comfort to the contestants of decedent's will was supported only by evi-

dence that she spoke to the contestants about information which was accessible to them without her aid. When she was asked if she had actively collaborated with the contestants, she testified:

> "No, I said I did not actively collaborate as such. I didn't do anything except when they asked me a question about whom to talk to or what to do about getting in touch with somebody, I would tell them all I knew about them. I didn't even know where to tell them anybody was."

It seems significant to us that the charges of disloyalty were made against plaintiff for the first time when she sought compensation for herself and her attorney. Prior to that time no effort was made to remove her as a co-executrix under ORS 115.470.[1] Quite to the contrary, defendants and the attorneys for the estate treated plaintiff much as any executor is treated, permitting her to participate in the various matters relating to the administration of the estate.

■ It is our conclusion that there were not sufficient grounds for denying plaintiff compensation for her services as co-executrix. However, we affirm that part of the decree denying plaintiff reimbursement for attorneys fees. We are of the opinion that plaintiff did not have reasonable grounds for the employment of a separate attorney for the purpose of participation in the administration of the estate. Even if it could be shown that she had cause to doubt the competency or fidelity of counsel employed by her co-executors, she should have submitted her grievance to the probate court for a ruling on the matter.[2]

---

[1] ORS 115.470 provides in part for the removal of an executor who "has been unfaithful to or neglectful of his trust to the probable loss of the applicant or the estate."

[2] Galt v. Davis, 8 F2d 1012 (D.C. Cir 1925). But see, In re Scott's Estate, 1 Cal App 740, 83 P 85 (1905).

That part of the decree denying plaintiff compensation for her services as co-executrix is reversed; that part of the decree denying compensation for the services of plaintiff's attorney is affirmed.